# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE M. DIXON, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-2013 |
| | : | |
| ALLSTATE INSURANCE COMPANY et al., | : | |
| *Defendants*. | : | |

PRATTER, J.                                                                                       JUNE 8, 2017

## MEMORANDUM

Anne Dixon moves to remand this action to the Philadelphia Court of Common Pleas. For the reasons that follow, the Court will grant Ms. Dixon's motion.

### I.   PROCEDURAL BACKGROUND

On January 21, 2017, Ms. Dixon filed a complaint in the Philadelphia Court of Common Pleas against (i) Allstate Insurance Company, Tracey Miller, Wendy McClure, Longacre Appraisal and Adjustment Service, Inc., Karen Washko, and Laura Kerns (the "Allstate Defendants"), and (ii) Steven Feinstein and Zenstein Ballard, P.C. (the "Zenstein Defendants"). Ms. Dixon alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, arising out of Ms. Dixon's dealings with the Allstate and Zenstein Defendants in connection with previous litigation. On February 6, 2017, the Allstate Defendants filed a notice of removal. The notice of removal expressly stated that it was filed on behalf of the Allstate Defendants only and that the Zenstein Defendants had not been served with

1

process at the time the notice was filed.[1] One week later, the Allstate and Zenstein Defendants filed separate motions to dismiss. Thereafter, Ms. Dixon filed a motion for summary remand, which this Court granted because the Zenstein Defendants had not clearly and unambiguously joined in or consented to the Allstate Defendants' notice of removal. *See Dixon*, 2017 WL 1150641, at *2-*4.

The Court of Common Pleas reactivated Ms. Dixon's state court action after this Court's remand order. The Zenstein Defendants then re-removed this action to federal court. Ms. Dixon again moves for a summary remand to the Court of Common Pleas, which the Allstate and Zenstein Defendants oppose.[2]

**II.     LEGAL STANDARD**

Section 1441(a) of 28 U.S.C. authorizes a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant seeking removal must file a notice of removal with the district court within 30 days of plaintiff's service of the complaint. 28 U.S.C. § 1446(a), (b). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." *Ramos v. Quien*, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008) (citations omitted). Because federal courts are courts of limited jurisdiction, the federal removal statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*,

---

[1]     The Zenstein Defendants, however, had actually been served four days *before* the Allstate Defendants filed their notice of removal. *See Dixon v. Allstate Ins. Co.*, No. 17-532, 2017 WL 1150641, at *2 (E.D. Pa. Mar. 27, 2017).

[2]     Ms. Dixon's motion also contains requests for other miscellaneous relief, which the Court need not address because the Court is granting Ms. Dixon's motion for remand.

313 U.S. 100, 108-09 (1941); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "[A]ll doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (citation omitted).

Once a defendant has removed an action, 28 U.S.C. § 1447 authorizes a plaintiff to seek a remand to state court. A district court can remand a case for lack of subject matter jurisdiction or for a defect in the removal procedure. *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion to remand based on a procedural defect in the notice of removal must be made within 30 days of the filing of the notice of removal. 28 U.S.C. § 1447(c). A motion for remand premised on lack of subject matter jurisdiction can be made at any time before final judgment. 28 U.S.C. § 1447(c).

### III. DISCUSSION

Ms. Dixon argues that the Zenstein Defendants' notice of removal is untimely because they were served with the state court summons and complaint on February 2, 2017 and did not file their notice of removal until May 3, 2017, well past the 30-day removal period contemplated by § 1446.[3] The Zenstein Defendants present two arguments for why the Court should deem their notice of removal timely. First, the Zenstein Defendants argue they had a "right" to file their own notice of removal after this case was remanded because the Allstate Defendants' prior notice of removal prevented the Zenstein Defendants from filing a timely notice of removal.[4]

---

[3] Because the 30-day removal period technically expired on Saturday March 4, 2017, the Zenstein Defendants had until Monday March 6, 2017 to file a notice of removal. *See* Fed. R. Civ. P. 6.

[4] The Zenstein Defendants appear to believe that they had a right to a new 30-day removal period commencing from the date the state court reactivated the state court case following this Court's remand order. *See* Notice of Removal ¶ 16, Doc. No. 1 ("This Notice is filed within thirty (30) days of the reactivation of the Philadelphia Dockets.").

3

Second, the Zenstein Defendants argue they are entitled to the benefits of equitable tolling. The Court addresses each of the Zenstein Defendants' arguments in turn.[5]

### A. Right to File Notice of Removal

The Zenstein Defendants accurately state that § 1446 affords them a statutory right to file their own notice of removal. *See* 28 U.S.C. § 1446(b)(2)(B). The Zenstein Defendants are wrong, however, in their argument that the Allstate Defendants' notice of removal interfered with that right.

Courts in this District have made clear that a defendant can satisfy § 1446's requirement that it join in or consent to a notice of removal filed by a co-defendant either by filing a notice of consent *or* by filing a separate notice of removal. *See Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004) (endorsing rule that a defendant must consent in a co-defendant's removal by signing the notice of removal, by filing a written notice of consent, or by filing its own notice of removal); *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995) ("[F]or removal to be allowed under 28 U.S.C. § 1446, each defendant must file its own timely removal petition or file its own timely statement consenting to removal by a co-defendant."); *Ogletree v. Barnes*, 851 F. Supp. 184, 190 (E.D. Pa. 1994) ("There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal. Such a policy, while ensuring the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute . . . ." (citation omitted)); *see also Deluca v. Ocwen Loan Servicing, LLC*, No. 10-421, 2010 WL 2197789, at *4 (S.D. W. Va. May 26, 2010) ("The Court notes that co-defendants are not required to join in or sign the same notice of removal as the removing

---

[5] The Allstate Defendants' opposition to Ms. Dixon's motion states that they rely on the Zenstein Defendants' arguments in opposition to remand.

defendants. In multiple defendant cases, co-defendants may file independent notices of removal within the thirty-day period of receiving service of the complaint.").

Accordingly, once the Zenstein Defendants were served with the complaint on February 2, 2017, they had a right to file a notice of removal up until March 6, 2017. Once the Allstate Defendants filed their notice of removal, the Zenstein Defendants had until March 6, 2017 to clearly and unambiguously join in or consent to the Allstate Defendants' notice of removal. 28 U.S.C. § 1446(b)(2)(A); *Baldy v. First Niagara Pavilion, C.C.R.C., LLC*, 149 F. Supp. 3d 551, 560 (W.D. Pa. 2015); *A.R. v. Norris*, No. 15-1780, 2015 WL 6951872, at *4 (M.D. Pa. Nov. 10, 2015). As discussed above, the Zenstein Defendants could have expressed their clear and unambiguous consent by filing a notice of consent or by filing their own notice of removal. The Zenstein Defendants did neither.

The interpretation of § 1446 that the Zenstein Defendants appear to endorse is at odds with fundamental notions of statutory construction. Courts are instructed to "not look merely to a particular clause in which general words may be used" but to take into consideration "the whole statute . . . and give to it such a construction as will carry into execution the will of the Legislature," *Kokoszka v. Belford*, 417 U.S. 642, 650 (1974) (quoting *Brown v. Duchesne*, 15 L.Ed. 595 (1857)), and to avoid interpretations that "would render language superfluous, meaningless, or irrelevant," *In re Fesq*, 153 F.3d 113, 115 (3d Cir. 1998) (citation omitted). This Court cannot endorse an interpretation of § 1446 that affords a defendant who failed to timely consent to a co-defendant's notice of removal a new 30-day removal period commencing from the reactivation of the state court case. To hold otherwise would render meaningless § 1446's requirements that (i) each defendant file a notice of removal within "30 days after receipt by or

service on that defendant," and (ii) a properly served defendant "join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2).

Accordingly, the Court finds nothing in § 1446 that authorizes the Zenstein Defendants' untimely notice of removal.[6]

### B. Entitlement to Equitable Relief

"It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one." *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010). Accordingly, the 30-day time limit may be equitably tolled when warranted by the circumstances. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 211 (3d Cir. 2014). Equitable tolling may be appropriate where a litigant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 212 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Zenstein Defendants argue that equitable tolling is appropriate in this case because the Allstate Defendants' filing of a notice of removal deprived the Zenstein Defendants of their ability to file a timely notice of removal.

As an initial matter, and as discussed above, the Allstate Defendants' notice of removal did not deprive the Zenstein Defendants of the ability to file their own notice of removal. Furthermore, equitable tolling is not warranted in this case because the Zenstein Defendants did not diligently exercise their rights and were not faced with any extraordinary circumstances.

---

[6] The Zenstein Defendants argue that they could not have filed their own notice of removal because once the Allstate Defendants filed their notice of removal with the state court, § 1446(d) precluded the state court from taking any further action. 28 U.S.C. § 1446(d) (explaining that once a notice of removal is filed in the state court, "the State court shall proceed no further unless and until the case is remanded"). Section 1446(d), however, does not alter the procedural requirements set forth in § 1446(b). It is the Allstate and Zenstein Defendants' cumulative failure to comply with these procedures that resulted in this Court's prior remand order and compels this Court to once again remand this action.

Far from diligently exercising their rights, the Zenstein Defendants failed to clearly and unambiguously express their consent to the Allstate Defendants' notice of removal within 30 days after being served with the state court summons and complaint. The Zenstein Defendants' failure to join in or consent to the Allstate Defendants' notice of removal was not due to lack of knowledge of the Allstate Defendants' notice of removal. The Zenstein Defendants were in telephone communication with counsel for the Allstate Defendants prior to the Allstate Defendants filing their notice of removal and were aware of the Allstate Defendants' intention to remove the case. Zenstein Defs. Opp. Mot. Remand, *Dixon v. Allstate et al.*, No. 17-2013 (E.D. Pa. Mar. 17, 2017), Doc. No. 11 at 2 ("Counsel for [the Zenstein Defendants] consulted with Counsel for the Allstate Defendants. There was an agreement reached as to removal, who was going to remove it and when."). Moreover, counsel for the self-represented Zenstein Defendants entered his appearance in the first-removed case on February 13, 2017 and filed a motion to dismiss that same day, three weeks *before* the Zenstein Defendants' deadline to join in or consent to the Allstate Defendants' notice of removal. *See* Docket Entries 6-7, *Dixon v. Allstate et al.*, No. 17-2013 (E.D. Pa. Feb. 13, 2017). The Zenstein Defendants could have filed a notice of consent at any time on or before March 6, 2017, but failed to do so. These facts do not evidence any diligence on the part of the Zentsein Defendants, let alone the type of diligence required to demonstrate entitlement to equitable tolling.

No extraordinary circumstances prevented the Zenstein Defendants from timely filing a notice of consent or their own notice of removal. There were no obstacles, apart from their own lack of diligence, standing in their way. Each of the non-precedential cases cited by the Zenstein Defendants is readily distinguishable from the facts at hand. The cases offered by the Zenstein Defendants in support of their position each involved single-defendant situations where a state

7

court inadvertently dismissed the underlying state court action before the expiration of the 30-day removal period, creating a scenario where there was no state court case for the relevant defendant to remove. *See Mays v. RPC, Inc.* No., 05-68 (N.D. Tex. Mar. 28, 2005), Doc. No. 19 at 2-4 (finding defendant entitled to equitable tolling because state court inadvertently dismissed the underlying state court action before the expiration of the 30-day removal period, which precluded the defendant from filing its notice of removal); *Chamberlain v. Amrep, Inc.*, No. 04-1776, 2004 WL 2624676, at *2 (N.D. Tex. Nov. 18, 2004) (same); *see also Greising v. C.P. Chem. Co., Inc.*, 646 F. Supp. 553, 555 (D. Minn. 1986) (determining that 30-day removal period began on date state court amended an erroneous judgment of dismissal). Under those circumstances, the courts reasoned that the 30-day removal period should be tolled from the date the state court dismissed the action until the date the state court reinstated the action because there was no mechanism for the relevant defendant to remove the state court action until the action was reinstated.

Here, however, the state court action did not become un-removable as a consequence of an inadvertent dismissal. Rather, the state court action was removed to federal court by a co-defendant. While the single-defendants in *May* and *Chamberlain* had no recourse to effectuate their desire to remove because there was no longer a pending state court action, the Zenstein Defendants could have effectuated a proper removal by filing a notice of consent to the Allstate Defendants' notice of removal or by filing their own notice of removal. The Court will not absolve the Zenstein Defendants from the consequences of their own inaction by equitably tolling the 30-day removal period.

## IV. CONCLUSION

For the forgoing reasons, Ms. Dixon's Motion for Summary Remand is granted.[7]

\* \* \*

An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[7] The Court cautions defense counsel in this action to think carefully before undertaking any future attempt to remove this action to federal court. While the Court does not reach the issue of whether counsel for the Zenstein Defendants complied with his Rule 11 obligations in filing this notice of removal, the Court may be compelled to consider the issue if faced with another removal petition that is not well-supported by relevant legal authority.